IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Alexander Pastene, | ) | Civil Action No. 9:19-1210-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Long Cove Club of HHI, SC; General | ) | |
| Manager L. Crimmins; Diane Adams; | ) | |
| Ashley Davis; Michael Cochran; | ) | |
| Guatemalan Worker So-Called Osmar; and | ) | |
| his wife, Yurica, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 20) recommending that Plaintiff's motion to remand be denied and the Long Cove Defendants' partial motion to dismiss be granted. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the Order of the Court.

**I. Background**

Plaintiff Alexander Pastene proceeds *pro se* to bring seven claims arising out of his employment by Defendant Long Cove Club of HHI ("Long Cove Club")[1]: (1) unlawful discharge/retaliation by Defendants Davis and Cochran; (2) negligence by Long Cove Club, Davis and Cochran; (3) age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, by Long Cove Club; (4) "physical injuries on the job" as to unspecified defendants; (5) intentional infliction of emotional distress by unspecified defendants; (6) loss of wages as to unspecified defendants; and (7) slander and defamation of character by Defendant Osmar. (Dkt. No. 1-1.) Defendants Long Cove Club,

---

[1] Defendant states its name should be properly styled as Long Cove Club Owners' Association.

Crimmins, Adams, Davis and Cochran (the "Long Cove Defendants") removed this action from the South Carolina Court of Common Pleas in Beaufort County to the District Court for the District of South Carolina on the basis of federal question jurisdiction over the ADEA claim and pendant jurisdiction over the remaining claims. (Dkt. No. 1.)

Here, Plaintiff moves to remand his lawsuit to state court and the Long Cove Defendants move to dismiss Counts One, Two, Four, Five, Six and Seven pursuant to Rule 12(b)(1) and Rule 12(b)(6). The Magistrate Judge recommends that Plaintiff's motion to remand be denied and the Long Cove Defendants' motion to dismiss be granted. Plaintiff filed untimely objections to the R &R (Dkt. No. 22), which the Court reviewed.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

#### A. Plaintiff's Motion to Remand (Dkt. No. 15) is Denied.

As the parties that invoked the district court's jurisdiction, the Long Cove Defendants bear the burden of establishing that the case was properly removed. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court has federal question jurisdiction over Plaintiff's ADEA claim, 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining claims, 28 U.S.C. § 1367, which on the face of the complaint also arise out of his employment by Long Cove Club. Because removal was proper, Plaintiff's motion to remand is denied.

#### B. The Long Cove Defendants' Partial Motion to Dismiss (Dkt. No. 4) is Granted in Part and Denied in Part.

Having found it has jurisdiction over Plaintiff's claims, the Court now addresses the Long Cove Defendants' partial motion to dismiss them.

When a Rule 12(b)(1) challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* A district court order dismissing a case on the grounds that the undisputed facts

establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir. 1989).

Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." The "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The district court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the facts in a light most favorable to the non-movant, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a Rule 12(b)(6) challenge, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not require probability, but the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A *pro se* plaintiff's complaint is construed liberally so that "litigants with meritorious claims should not be tripped up in the court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**1.      Count One for Unlawful Discharge/Retaliation**

Plaintiff alleges that Defendants Davis and Cochran terminated his employment "in violation of a clear mandate of public policy" after he "asked questions about spraying toxic

chemicals without requiring protection to golf workers in a place where the wind blows constantly and everywhere" such as "safety masks." (Dkt. No. 4-1 ¶¶ 17, 20.)

In South Carolina, an employer may discharge an employee at will without cause. *Culler v. Blue Ridge Elec. Co-op., Inc.*, 422 S.E.2d 91, 92 (S.C. 1992). But "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 224 (S.C. 1985). An action for wrongful discharge in violation of public policy can be maintained (1) when an employer requires an employee to violate a criminal law as a condition of maintaining employment, *see Ludwick*, 337 S.E.2d at 221-25, and (2) when the act of terminating an employee is itself in violation of a criminal law, *see Culler v. Blue Ridge Elec. Co-op., Inc.*, 422 S.E.2d 91, 92–93 (S.C. 1992).

The Long Cove Defendants move to dismiss Count One because "Plaintiff neither alleges he was asked to violate the law nor that the reason for his termination itself was a violation of criminal law." (Dkt. No. 4 at 12.) But the South Carolina Supreme Court has clarified that "we have never held the exception is limited to these situations." *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 452 (S.C. 1999); *see also Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 637 (S.C. 2011) (noting that a court will have "misread" the law by "limiting the public policy exception to these two situations").

Affording this *pro se* litigant's pleading an appropriately liberal construction and construing all facts alleged and their reasonable inferences in this non-movant's favor, Plaintiff appears to plead a potentially plausible claim that he was unlawfully discharged in retaliation for raising concerns to his supervisors about workers' health and safety. The parties are now entitled to create a record, through discovery, on which this claim may be adjudicated. Moreover, a Rule

12(b)(6) motion is the inappropriate vehicle to dispose of a wrongful termination claim where a novel issue of public policy appears to be implicated. *See, e.g.*, *Keiger v. Citgo, Coastal Petroleum, Inc.*, 482 S.E.2d 792, 794 (S.C. Ct. App. 1997) (reversing granting employer's motion to dismiss because "[w]e hold that the issue in the present case, whether an employer's retaliatory discharge of an employee who threatens to invoke her rights under the Payment of Wages Act is a violation of a clear mandate of public policy, is likewise a novel issue. Accordingly, Keiger's cause of action should not have been dismissed pursuant to a 12(b)(6) motion."); *Garner v. Morrison Knudsen Corp.*, 456 S.E.2d 907, 909 (S.C. 1995) (reversing granting employer's motion to dismiss because "[w]hether the exception applies when an employee is terminated in retaliation for reporting and testifying about . . . unsafe working conditions at a nuclear facility is a novel issue, and such issues should not ordinarily be decided in ruling on a 12(b)(6) motion to dismiss").

For these reasons, the Court declines to adopt the Magistrate Judge's recommendation as to Count One and denies the Long Cove Defendants' motion to dismiss it.

**2.     Count Two for Negligence**

Plaintiff alleges that defendant Osmar—a coworker and "indigenous worker from Guatemala, who spoke no English" and a "peon"—"bullied, assaulted, and defamed" Plaintiff in June or July 2017 when he "got close to the Plaintiff's face, and unprovoked out of the blue, yelled at him: *you are lazy*." (Dkt. No. 4-1 ¶¶ 10-11.)[2] Plaintiff informed Davis of this "assault," Davis put Plaintiff on a different assignment of "removing and replacing twelve tee markers in every one of the 18 holes, in about 3 hours." The next day, Plaintiff's "knees foundered" while

---

[2] It is unclear how Defendant Osmar made this statement if he does not speak English. For that reason alone, the facts underlying this claim against the Long Cove Defendants are implausible on their face.

the assignment, he reported his "injury" and visited an orthopedic surgeon, after returned to work one-month later. (*Id.* ¶¶ 26-28.) Plaintiff alleges that this constitutes negligence by defendant Davis, his assistant, defendant Cochran, and defendant Long Cove Club because they knew or should have known that Plaintiff would be injured doing this assignment, as a then-77 year old man, and because defendant Osmar continued to "harass" Plaintiff. (*Id.* ¶¶ 30-31.)

Taking these facts and their reasonable inferences in a light most favorable to Plaintiff, they fail to state a plausible claim for negligence. Moreover, as the Magistrate Judge discusses, the exclusivity provision of the South Carolina Workers' Compensation Act ("SCWCA")[3] provides that the Act is an employee's sole remedy for physical injuries sustained out of and in the course of employment. *See Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002) (SCWCA is sole remedy for negligence claim arising out of and in the course of employment); *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993) (SCWCA is sole remedy for assault and battery claim based on actions of co-employee arising out of and in the course of employment). "Even actions such as 'knowingly ordering employees to perform an extremely dangerous job,' or 'refusing to respond to an employee's medical needs and restrictions' fail to rise to the level 'of the kind of actual intention to injure that robs the injury of accidental character.'" *Sibert v. Raycom Media, Inc.*, 2017 WL 3721238, at *3 (D.S.C. Aug. 29, 2017) (quoting *Edens v. Bellini*, 597 S.E.2d 863, 871 (S.C. Ct. App. 2004)). The Long Cove Defendants' motion to dismiss Count Two is granted.

---

[3] "The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death." S.C. Code. Ann. § 42-1-540 (1985).

### 3. Count Four for Physical Injuries on the Job

Plaintiff alleges that his employer sent him "home with pay until further notice" after the knee injury, that his employer's "intentional conduct" caused him to injure his knee and develop a skin condition on the skin of his finger, and that his employer ordered him to perform an assignment that it knew or should have known would cause him injury. (Dkt. No. 4-1 ¶¶ 37-39). Taking these facts and their reasonable inferences in a light most favorable to Plaintiff, they do not state a plausible claim for relief and "physical injuries on the job" is not a cause of action in South Carolina. The Long Cove Defendants' motion to dismiss Count Four is granted.

### 4. Count Five for Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants "intentionally and recklessly" caused him to have post traumatic stress disorder as a result of "their conduct designed to coerce, intimidate, and stress the Plaintiff." (Dkt. No. 4-1 ¶¶ 40-43.) "South Carolina courts have limited the intentional tort exception to the Act's exclusivity to 'injuries inflicted by an employer who acts with a deliberate or specific intent to injure.'" *Sibert*, 2017 WL 3721238, at *3 (quoting *Peay v. U.S. Silica Co.*, 437 S.E.2d 64, 65-55 (S.C. 1993)). As to conduct by Defendant Osmar, "an employee's action against a company for intentional infliction of emotional distress . . . caused by the action[s] of another employee [is] within the scope of the Act since these actions arise from personal injury." *Dickert*, 428 S.E.2d at 701; *see also Bryant v. INA Bearing Co., Inc.*, 14 F.3d 593 (Table), 1993 WL 540274, at *1 (4th Cir. 1993) ("South Carolina case law is clear that only when the tortfeasor/co-employee is the 'alter ego' of the employer may liability be had outside the ambit of the Act."). The Long Cove Defendants' motion to dismiss Count Five is granted.

### 5. Count Six for Loss of Wages

Plaintiff alleges that Defendant Long Cove Club caused him to lose wages at a rate of $12.30 per hour, at 35 hours per week, from the termination of his employment in November 2017 to finding new employment in August 2018. Defendant cites to the South Carolina Payment of Wages Act and also alleges that Long Cove Club was "unAmerican" by engaging in "disrespect and abuse [of] senior citizens as if they were expendable." (Dkt. No. 4-1 ¶¶ 45, 48.) "Loss of wages" is not a cause of action in South Carolina. Moreover, "[u]nder the Wage Payment Act, [employees] are entitled to recover in a civil action 'all wages due' but unpaid by [employers]." *Baugh v. Columbia Heart Clinic, P.A.*, 738 S.E.2d 480, 495 (S.C. Ct. App. 2013). The Act defines "wages" as "all amounts . . . which are due to an employee under any . . . employment contract." S.C. Code Ann. § 41-10-10(d); *see also Dumas v. Info Safe Corp.*, 463 S.E.2d 641, 645 n.4 (S.C. Ct. App. 1995). The lost prospective wages that Plaintiff seeks are, therefore, not recoverable under the Wage Payment Act. The Long Cove Defendants' motion to dismiss Count Six is granted.[4]

### 6. Count Seven for Slander and Defamation of Character

Plaintiff alleges that Defendant Osmar slandered and defamed him by calling him "lazy in front of several people." (Dkt. No. 4-1 ¶ 50.) The Long Cove Defendants acknowledge that they are not named in Count Seven, but argue for its dismissal pursuant to Rule 12(b)(6), which the Magistrate Judge recommends. By the face of the complaint, the Long Cove Defendants lack standing to challenge this claim. The Court therefore declines to adopt the Magistrate Judge's recommendation as to Count Seven and denies the Long Cove Defendants' motion to dismiss it pursuant to Rule 12(b)(6).

---

[4] The Court does not reach whether Plaintiff is entitled to lost prospective wages as damages for his other claims because Counts One, Two, Four, Five, Six and Seven are dismissed and the issue of damages for Count Three is not before the Court.

Instead, pursuant to Rule 4(m), the Court dismisses without prejudice Count Seven and all other claims against Defendant Osmar and Defendant Yurica.[5] "If a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff filed his complaint in the Court of Common Pleas on March 13, 2019 and the case was removed to the district court on April 26, 2019. As of December 3, 2019, there is no indication on the docket that Plaintiff has served Defendant Osmar and Defendant Yurica. Because Plaintiff has neither served them nor shown good cause for why the deadline to serve should be extended, the Court must dismiss the claim or claims against them. All counts against Defendant Osmar and Defendant Yurica, including Count Seven, are dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the R & R (Dkt. No. 20) as the Order of the Court. Plaintiff's motion to remand (Dkt. No. 15) is **DENIED**. The Long Cove Defendants' partial motion to dismiss (Dkt. No. 4) is **GRANTED IN PART and DENIED IN PART** to dismiss Counts Two, Four, Five, and Six. Count One is not dismissed. The claims against Defendant Osmar and Defendant Yurica, including Count Seven, are **DISMISSED WITHOUT PREJUDICE** as to them. This matter is referred back to the Magistrate Judge for further pre-trial proceedings as to Count One and Count Three.

---

[5] It is unclear which claims are alleged against Defendants Osmar and Yurica: Count Seven is explicitly alleged as against only Defendant Osmar, only; no claim appears to be alleged against only Defendant Yurica; and other claims are alleged against unspecified defendant(s).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 10, 2019
Charleston, South Carolina