## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Alexander Pastene, | ) | Civil Action No. 9:19-1210-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Long Cove Club of HHI, SC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff's motion for reconsideration. (Dkt. No. 27). The motion is denied.

The Court previously adopted in part and declined to adopt in part, as the Order of the Court, the Magistrate Judge's Report and Recommendation. The Court denied Plaintiff's motion to remand, and granted in part and denied in part the Long Cove Defendants' motion to dismiss. Counts two, four, five and six were dismissed, and count one for unlawful discharge/retaliation survived. Count seven and any other claim against Defendants Osmar and Yurica were dismissed without prejudice pursuant to Rule 4(m).

Mr. Pastene now moves the Court to reconsider denying his motion to remand. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

*Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted).

None of these justifications for reconsideration are present here. As the parties that invoked the district court's jurisdiction by removal, the Long Cove Defendants had the burden of establishing that the case was properly removed. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Long Cove Defendants met that burden: the Court has federal question jurisdiction over Mr. Pastene's claim for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* The Court also had supplemental jurisdiction over the remaining claims, 28 U.S.C. § 1367, which on the face of the complaint arose out of Mr. Pastene's employment by the Long Cove Club. This ruling to deny remand was not a clear error of law nor was it manifestly unjust, and there has been no subsequent change in controlling law or new evidence to consider.

Accordingly, there is no basis to reconsider the Court's prior order and opinion denying Mr. Pastene's motion to remand this case to state court. The Court **DENIES** the motion for reconsideration. (Dkt. No. 27.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 27, 2020
Charleston, South Carolina