UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ALEXANDER PASTENE, | ) | Civil Action No. 9:19-cv-1210-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| LONG COVE CLUB OF HHI, S.C., | ) | |
| GENERAL MANAGER L. CRIMMINS, | ) | |
| DIANE ADAMS, ASHLEY DAVIS, | ) | |
| MICHAEL COCHRAN, GUATEMALAN | ) | |
| WORKER SO-CALLED OSMAR and | ) | |
| HIS WIFE YURICA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This action arises from Plaintiff's employment. Plaintiff is proceeding pro se. Presently before the court is Defendants' Motion to Compel Plaintiff's Attendance at Deposition and for Sanctions (ECF No. 52). Plaintiff filed a Response (ECF No. 57) to Defendants' Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

**II.     RELEVANT FACTS**

Defendants present the facts set forth below. Plaintiff does not dispute the facts as set forth in Defendants' motion. In correspondence dated July 6, 2020, Defendants requested that Plaintiff provide his availability in late August 2020 so that he could be deposed. The correspondence was delivered to and signed by Plaintiff on July 10, 2020. Corr. dated July 6, 2020 (ECF No. 52-1). Defendants never received a response regarding an acceptable date for the deposition.

As a result, Defendants sent Plaintiff further correspondence on August 31, 2020, with an enclosed Notice of Deposition requesting Plaintiff to appear for his deposition on October 7, 2020 at 10:00 a.m. Corr. dated Aug. 31, 2020 (ECF No. 2-2). Plaintiff signed for the August 31, 2020 correspondence on September 4, 2020. Certified Receipt (ECF No. 52-3). Counsel for Defendants also sent Plaintiff an email on October 2, 2020 reminding him of the date of his deposition as well as the COVID-19 protocols in place. Email dated Oct.2, 2020 (ECF No. 52-4). Plaintiff never contacted Defendants or Defendants' counsel to request a different date for the deposition and/or object to the deposition in any manner.

On October 7, 2020, Plaintiff did not appear for his deposition. Pl. Dep. 6 (ECF No. 52-5). Thirty minutes after the deposition was scheduled to begin, counsel for Defendants attempted to contact Plaintiff via email and phone regarding his absence without success. Pl. Dep. 6; Email dated Oct. 7, 2020 (ECF No. 52-6). On the afternoon of October 7, 2020, Plaintiff sent a response email to Defendants' counsel stating:

> I have already deposed what I needed to state. If you have any further questions, please put them in writing, and sent them out to me, and I will endeavor to answer to the best of my ability. . .
> Sincerely, Alexander Pastene, Plaintiff

Pl. Email Resp. (ECF No. 52-7). In a final attempt to resolve the deposition issue without involving the court, counsel for Defendants again emailed Plaintiff on October 16, 2020, asking for his availability to be deposed the week of October 26, 2020 or November 2, 2020. Email dated Oct. 16, 2020 (ECF No. 52-8). Plaintiff did not respond.

Defendants incurred $225.00 in costs for arranging the court reporter and $1,159.50 in legal fees preparing for and attending Plaintiff's scheduled deposition. Costs (ECF No. 52-9).

### III. DISCUSSION

. "[A] district court has wide latitude in controlling discovery and ... its rulings will not be overturned absent a clear abuse of discretion." Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir.1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir.1986); see Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir.1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted).

Pursuant to Fed. R. Civ. P. 30(a)(1), "A party may, by oral questions, depose any person, including a party, without leave of the court." If a party has been served with a notice of deposition, he may not unilaterally refuse to attend the deposition. See, e.g., Keller v. Edwards, 206 F.R.D. 412, 416 (D. Md. 2002); Fed.R.Civ.P. 30(b)(1). A party may object to the notice of deposition, but must do so by filing a motion for protective order pursuant to Fed.R.Civ.P. 26(c). Here, Plaintiff unilaterally and intentionally chose not to attend the deposition. He did not move for a protective order.[1] **Defendants are directed to serve Plaintiff with a notice of deposition to be completed within forty-five days of the order and Plaintiff is directed to attend the deposition as noticed. Plaintiff's failure to attend may result in a recommendation that this case be dismissed.**

Further, Plaintiff failed to communicate any objection to the deposition to counsel for Defendants prior to the date of the deposition, and, thus, counsel spent time preparing for the deposition, arranged for a court reporter to attend the deposition, and himself attended the deposition.

---

[1]The undersigned notes that the grounds for granting a protective order are limited to protecting a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)(1).

"The court, where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(I). Appropriate sanctions under Rule 37 include prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings in whole or in part, or dismissing the action. See Fed. R.Civ. P. 37(d)(3) (noting sanctions may include any of the orders in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). "Instead of or in addition to these sanctions, the court must require the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 37(d)(3).

Here, Defendants move for an order directing Plaintiff to pay the costs and expenses caused by Plaintiff's failure to attend his deposition as required by Rule 37(d)(3). Although Plaintiff filed a document indicating that it was, in part, a response to Defendants' Motion to Compel, he did not actually address his failure to attend the deposition, and, thus, has made no showing that said failure was substantially justified or made any other showing that would make an award of expenses unjust. Pro se litigants are not immune from sanctions by virtue of their pro se status alone. See, e.g., Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir.1989); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md.1995), aff'd, 73 F.3d 357 (4th Cir.1996). **Accordingly, Plaintiff is directed to pay Defendants $225.00 in costs for the court reporter. It is unclear how much time Defendants' counsel spent in preparation for the previously noticed deposition that will not be incurred in preparation for this subsequently noticed deposition.²   Therefore, Defendants' motion for**

---

²In other words, time spent traveling and attending the deposition will be repeated for the subsequent deposition; however, preparation time likely will be substantially less.

**sanctions for attorneys' fees is denied without prejudice with leave to refile within thirty days of Plaintiff's deposition.**

IV.     **CONCLUSION**

For the reasons discussed above, Defendants' Motion to Compel Plaintiff's Attendance at Deposition and for Sanctions (ECF No. 52) is **GRANTED in part and DENIED in part without prejudice to refile as set forth above**. **Defendants are directed to serve Plaintiff with a notice of deposition to be completed within forty-five days of the date of this order, and Plaintiff is directed to attend the deposition as noticed.  Plaintiff's failure to attend may result in a recommendation that this case be dismissed.  In addition, Plaintiff is directed to pay Defendants $225.00 in costs for the court reporter within thirty days of the date of this order. Defendants' request for attorneys' fees is denied without prejudice to refile within thirty days of Plaintiff's deposition.**

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 20, 2021
Florence, South Carolina