UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ALEXANDER PASTENE, | ) | Civil Action No. 9:19-cv-1210-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| LONG COVE CLUB OF HHI, S.C., | ) | |
| GENERAL MANAGER L. CRIMMINS, | ) | |
| DIANE ADAMS, ASHLEY DAVIS, | ) | |
| MICHAEL COCHRAN, GUATEMALAN | ) | |
| WORKER SO-CALLED OSMAR and | ) | |
| HIS WIFE YURICA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is correspondence from Plaintiff which the court has docketed as a Motion for Reconsideration (ECF No. 81) of the undersigned's Order (ECF No. 79) granting Defendants' Motion to Compel. In the order, the undersigned directed Plaintiff to attend a second deposition as noticed by Defendants and warned Plaintiff that a failure to attend may result in a recommendation that this case be dismissed. The Order also directed Plaintiff to pay Defendants $225 for the cost Defendants incurred in obtaining a court reporter for the first deposition for Plaintiff that he failed to attend.

In his motion, Plaintiff asks the Court to vacate the $225 award of costs to Defendants in part because Plaintiff has never been reimbursed for the injuries he sustained as a result of the allegations he raises in this action. He also argues generally that he has a valid claim that should be allowed to proceed to trial.

Interlocutory orders may be contested under Rule 54(b). See Quigley v. United States, 865

F.Supp.2d 685, 699 (D.Md.2012) (quoting Fed.R.Civ.P. 54) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ... and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). An order compelling discovery is an interlocutory order. See, e.g., United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 507 (4th Cir.1999). A court's discretion to review an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir.2003), but is "within the plenary power of the Court ... to afford such relief ... as justice requires." Fayetteville Investors, 936 F.2d at 1473.

Although Rule 60 does not govern reconsideration of an interlocutory order, the Fourth Circuit has suggested that at least parts of the rule may guide a court's analysis. Id. at 1470, 1472; Pritchard v. Wal–Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir.2001). In considering whether to revise interlocutory decisions, district courts in this circuit have looked to whether movants presented new evidence, or whether the court has "obviously misapprehended a party's position or the facts or applicable law." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C.2003). However, "[a]n improper use of the motion to reconsider 'can waste judicial resources and obstruct the efficient administration of justice.' Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." Id. (internal citations omitted).

Here, Plaintiff presents no new facts or arguments that would warrant reconsideration of the award of costs. The Federal Rules of Civil Procedure provide that "the court must require the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless

the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 37(d)(3). As noted in the Order, Plaintiff filed what purported to be a response to Defendants' Motion to Compel but did not actually address his failure to attend the deposition. Thus, he did not show that his failure to attend the deposition was substantially justified nor did he show other circumstances making the award unjust. In the present motion, even if he could raise an argument he should have made in the first instance, he again fails to making any such showing. Therefore, Plaintiff's Motion for Reconsideration (ECF No. 81) is **DENIED.**

    **IT IS SO ORDERED**.

    s/Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

February 28, 2022
Florence, South Carolina