IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Alexander Pastene, | Civil Action No. 9:19-cv-01210-RMG |
| Plaintiff, | |
| v. | |
| Long Cove Club of HHI, S.C., Diane Adamas, Michael Cochran, et al, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss Plaintiff's case and direct the Plaintiff to pay costs for failure to prosecute and abide by court orders. (Dkt. No. 101.) Plaintiff objected to the Magistrate's R & R. (Dkt. No. 103.) For the reasons stated below, the Court overrules Plaintiff's objection and adopts the R & R as the Order of the Court.

**I.  Background**

This case arises from Plaintiff's employment with Defendant Long Cove Club. Plaintiff, who is proceeding *pro se*, brought seven claims against Defendants: (1) unlawful discharge/retaliation, (2) negligence, (3) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), (4) "physical injuries on the job," (5) intentional infliction of emotional distress, (6) loss wages, and (7) slander and defamation of character. (Dkt. No. 1-1.) At this stage in the case, only Plaintiff's unlawful discharge/retaliation and ADEA claims remain. (Dkt. No. 25 at 10.)

Plaintiff has repeatedly violated discovery rules and court orders. For example, Plaintiff did not fully respond to Defendants' interrogatories or request for production, even after the Court

1

ordered the Plaintiff to fully respond to Defendants' discovery requests when granting a motion to compel. (Dkt. No. 54 at 1-2; Dkt. No. 101 at 2.) Plaintiff also failed to attend two properly noticed depositions, one of which was noticed pursuant to a Court order directing the Plaintiff to attend. (Dkt. No. 79 at 3; Dkt. No. 88-19 at 7:3-19).

Defendants filed this Motion to Dismiss and for Sanctions. (Dkt. No. 88.) Plaintiff did not file a response in opposition. The Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's case for failure to comply with court discovery orders. (Dkt. No. 101.) The Magistrate Judge also recommended that Plaintiff be directed to pay Defendants $350 in costs for arranging the court reporter for the second noticed deposition. (*Id.*) Plaintiff objected to the R & R. (Dkt. No. 103.) The matter is now ripe for the Court's review.

**II.    Standard**

    **A. Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

### B. Dismissal

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)). To dismiss an action under Rule 37, a court must consider:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. For Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when deciding whether to dismiss a case under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990) The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ of W. Va., Sys. Bd. of Tr.*, 23 F.3d 400 (4th Cir. 1994). Because the standards are virtually the same, courts can combine the analysis for both rules. *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996).

### C. Costs and Attorney's Fees

With respect to a party's failure to participate in discovery, the rules provide that "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The party seeking fees "bears the [initial] burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Project Vote/Voting for Am. V. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012).

The fee seeking party also bears the burden to establish the reasonableness of a requested rate. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). As part of their burden, the requesting party must provide specific evidence of market rates for the court to consider in its reasonableness analysis. *Id; Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).

### III. Discussion

After *de novo* review, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed and that Defendants should be awarded costs. In his combined Rule 37 and Rule 41 analysis, the Magistrate Judge correctly determined that (1) Plaintiff's noncompliance with court orders was conducted in bad faith, (2) Defendants were prejudiced by Plaintiff's failure to participate in discovery or comply with court orders because Defendants could not prepare a defense, (3) this type of repetitive noncompliance should be deterred because of the importance of discovery to any litigation, and (4) no less drastic sanction would be effective because Plaintiff's failure to comply with the discovery process was done under the threat of dismissal. The Magistrate Judge also correctly determined that Defendants have failed to meet their burden with respect to attorney's fees because the attorneys' invoices do

not include the rate of pay for each employee or the amount of time spent on each task. Dkt. No. 88-22.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 101) as the Order of the Court. Plaintiff's case is **DISMISSED** for lack of prosecution and Plaintiff is **ORDERED** to pay Defendants $350 in costs. **AND IT IS SO ORDERED**.

                                                 s/ Richard Gergel
                                                 Richard Mark Gergel
                                                 United States District Judge

June 13, 2022
Charleston, South Carolina